FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 15 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERESA L. GOUCH,

    Plaintiff,

CIVIL ACTION NO. 1:08-CV-3299

v.

CALIFORNIA FRANCHISE TAX BOARD,

    Defendant.

## ORDER

This case is presently before the Court on defendant's Motion to Dismiss [12]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss [12] should be **GRANTED**.

## BACKGROUND

*Pro se* plaintiff Teresa Gough filed a Complaint [2] on September 24, 2008, stating that defendant, the California Franchise Tax Board, taxed her for non-California wages and then issued a tax lien against her. (*See* Compl. [2] at 1.) Plaintiff appears to allege that, by issuing the tax lien, defendant wrongfully disclosed plaintiff's federal tax information in violation of 26 U.S.C. § 6103. Plaintiff seeks damages in the amount of $103,000, pursuant to 26 U.S.C. § 7431(c). (*Id.* at 2-3.)

AO 72A
(Rev.8/82)

In a prior case involving the same parties, plaintiff presented essentially identical facts and legal arguments.[1] This Court granted defendant's Motion to Dismiss [16] in that case on April 29, 2008. (See Apr. 29, 2008 Order [22] in Prior Case at 1.) Acknowledging that she has filed, in the present case, essentially the same complaint that was previously dismissed by this Court, plaintiff states that she was denied due process in the Prior Case because she "did not receive automatic notification by e[-]mail or first class mail" of defendant's briefing. (Compl. [2] at 1.)

Defendant has filed a Motion to Dismiss [12] in the present case.

## DISCUSSION

### I. Standard for Motion to Dismiss

In deciding a motion to dismiss, the Court assumes that all the allegations in the complaint are true and construes all the facts in favor of the plaintiff. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). Nevertheless, a complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). To avoid dismissal, plaintiff's factual allegations must raise more than a

---

[1] (See Compl. [2] in Case No. 1:07-cv-3036-JEC ("Prior Case"), filed Nov. 8, 2007.)

speculative right to relief, and a complaint must include "either direct or inferential allegations respecting all the material elements" of the asserted cause of action. *Id.* at 544, 555 (citation and internal quotation marks omitted). The Court also notes that it generally holds *pro se* plaintiffs to a less stringent standard than parties represented by trained attorneys, and *pro se* plaintiffs' pleadings are construed more liberally than those drafted by counsel. *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997).

## II. **<u>Plaintiff Fails to State a Claim for Which Relief Can Be Granted</u>**

Plaintiff seeks damages against the California Franchise Tax Board because, in the course of filing a lien against plaintiff for allegedly unpaid California taxes, the Board disclosed federal tax information, in violation of federal law. As explained below, plaintiff has failed to set out how the actions of California officials violated any federal law.

Title 26 U.S.C. § 6103 "lays down a general rule that 'returns' and 'return information' . . . shall be confidential." *Church of Scientology of Cal. v. Internal Revenue Serv.*, 484 U.S. 9, 9 (1987). 26 U.S.C. § 7431(a) and (c) create a private cause of action and a damages provision for taxpayers against "any person" who has disclosed federal tax return information in violation of § 6103. Section 7431(a) creates a cause of action against a federal employee who discloses return information in violation of § 6103; § 7431(b) creates

3

a cause of action against any person not a federal employee who does so.

Plaintiff does not sue any federal official and therefore does not contend that disclosure by federal tax officials of federal tax return information violated § 6103. Indeed, § 6103(d)(1) permits the disclosure of returns and return information "to any State agency ... which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws...."

She does bring suit against the California Franchise Tax Board and therefore presumably seeks to proceed under § 7431(b). 26 U.S.C. § 6103(d)(1). Inherent in her challenge is an assertion that the California Franchise Tax Board somehow violated the provisions of § 6103 when it lodged a lien against plaintiff for alleged non-payment of California taxes. Yet, it is clear that disclosure to state officials is permitted "for purposes of state tax administration [and] to collect taxes owed to the state governments under their income tax laws." *Bator v. Dep't of the Treasury, Internal Revenue Serv.*, No. CV-N-87-558-ECR, 1988 WL 150699 at *2 (D. Nev. Dec. 15, 1988)(internal quotations marks and citation omitted). *See also* CAL. GOV'T CODE § 7171(a) (2006) ("With respect to real property, at any time after creation of a state tax lien, the agency may record in the office of the county recorder of the county in which the real property is

4

located a notice of state tax lien.").

Plaintiff does not allege a single impropriety by the California agency nor suggest in what way its use of the federal tax information contravened § 6103. The Court cannot intuit the facts on which plaintiff's claim is based. *See Bell Atlantic*, 550 U.S. at 555-56 (facts alleged must state a plausible claim for relief). As the California Franchise Tax Board was entitled to receive and use federal tax information for the administration of California's tax laws and as no evidence exists that defendant disclosed information for any purpose other than one permitted by law, plaintiff has failed to state a claim for which relief can be granted.

### III. Both the Eleventh Amendment and the Statute, Itself, Bar Plaintiff's Claim

Even had plaintiff adequately alleged a violation of § 6103 by the California tax agency, her claim would be barred by the Eleventh Amendment, as well as the statute, itself: 26 U.S.C. § 7431.

#### A. The Eleventh Amendment Bars Relief.

Plaintiff seeks damages under § 7431, but any claim for damages against a State or a state agency is barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. AMEND. XI. Therefore, suits in federal court against a state or its

5

agencies by a citizen of its own or another state are barred. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citations omitted); *Williams v. Dist. Bd. of Trustees of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1192 (11th Cir. 2005). States have sovereign immunity under the Eleventh Amendment against suits by private parties. *See Alden v. Maine*, 527 U.S. 706, 748 (1999) ("neither substantive federal law nor attempted congressional abrogation under Article I bars a State from raising a constitutional defense of sovereign immunity in federal court").

The California Franchise Tax Board is part of the State of California. CAL. GOV'T CODE § 15700 ("There is in the state government . . . a Franchise Tax Board[.]"). Therefore, plaintiff's claim for damages is barred by the Eleventh Amendment. *See, e.g., Staples v. Franchise Tax Bd.*, No. 07-56566, 2008 WL 5112086, at *1 (9th Cir. Dec. 2, 2008) (finding that California Franchise Tax Board is entitled to Eleventh Amendment immunity).

### B. 26 U.S.C. § 7431 Does Not Authorize An Action Against the Franchise Tax Board.

26 U.S.C. § 7431 only authorizes an action against a "person," which is defined as "an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C. § 7701(a)(1). Plaintiff has sued only the California Franchise Tax Board, which is clearly not a person, but instead is part of the State of California.

AO 72A
(Rev.8/82)

See *supra* at 6.[2] Therefore, the language of the statute, itself, bars the relief sought by plaintiff as the entity she has sued is not covered by the statute.

**IV.    The Principle of *Res Judicata* Is Implicated by this Action**

Defendant did not rely on the doctrine of *res judicata* in support of its motion to dismiss, instead "reserving" it for a "later time" (*see* Mot. to Dismiss [12] at n.2). For that reason, the Court will likewise not base its dismissal of this action on that ground. Nevertheless, this present action seems to be the same action that plaintiff has previously brought and had dismissed by this Court. The Court cautions plaintiff that, should she refile this action for a third time, the Court will consider imposing monetary sanctions against her for creating unnecessary expense and inconvenience to defendant and to this Court.

---

[2] The Court found no cases in which a court discussed 26 U.S.C. § 7431 in the context of tax boards. However, other courts have ruled that the California Franchise Tax Board is not a "person" in the context of other statutes that require a suit against a person. *See Rivas v. Cal. Franchise Tax Bd.*, No. 1:08-CV-00942 OWW SMS, 2008 WL 5397502, at *8 (E.D. Cal. Dec. 23, 2008) (ruling that a "state entity" is "not a 'person' against whom a claim for money damages may be asserted under section [42 U.S.C. §] 1983") (citations omitted); *Staples*, 2008 WL 5112086, at *1 (California Franchise Tax Board is not a "person[]" under 42 U.S.C. §§ 1983 or 1985). The Court sees no reason this same analysis would not apply here.

7

## CONCLUSION

For the above reasons, the Court **GRANTS** defendant's Motion to Dismiss [12].

SO ORDERED, this 15 day of September, 2009.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)